FILED
CLERK
10/8/2015 4:45 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
AARON W. ABBATIELLO, and ROBYN D. ABBATIELLO,

                 Plaintiffs,

      -against-

WELLS FARGO BANK, N.A., and JOHN STUMPF,
Chief Executive Officer,
                 Defendants.
----------------------------------------------------------------------X
FEUERSTEIN, District Judge:

**MEMORANDUM AND ORDER**
15-CV-4210 (SJF)(ARL)

## I. Introduction

On July 17, 2015, *pro se* plaintiffs Aaron W. Abbatiello and Robyn D. Abbatiello (together, "plaintiffs") filed a complaint in this Court against Wells Fargo Bank, N.A. ("Wells Fargo") and its chief executive officer, John G. Stumpf ("Stumpf," and together with Wells Fargo, "defendants") accompanied by applications to proceed *in forma pauperis* and a request for the Court to schedule a hearing.

Upon review of the declarations in support of the applications to proceed *in forma pauperis* from each plaintiff, the Court finds that plaintiffs' financial status qualifies them to commence this action without prepayment of the filing fee. *See* 28 U.S.C. §§ 1914(a); 1915(a)(1). Therefore, plaintiffs' requests to proceed *in forma pauperis* are GRANTED. However, for the reasons that follow, the complaint is DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii). Given the dismissal of the complaint, the request for a hearing is DENIED as moot.

## II. Background[1]

Plaintiffs have alleged that this Court's subject matter jurisdiction is invoked pursuant to both 28 U.S.C. §§ 1331 and 1332. (Compl. at ¶ II.A.) Plaintiffs do not allege the domicile of any party. Rather, plaintiffs allege that their address is "c/o: 101 S. Raleigh Ste. 424, Atlantic City, New Jersey" (*Id.* at ¶ I) and that defendants' address is: "In care of: REED SMITH LLP, 599 Lexington Avenue New York, New York." (*Id.*) Later, plaintiffs allege that Wells Fargo is a "Delaware limited liability company . . . which has its principal executive offices at 420 Montgomery St., San Francisco California." Plaintiffs also allege that the federal Constitutional, statutory or treaty right at issue is "26 U.S.C. sections 671-679 INTERNAL REVENUE MANUAL-5.17.3.9 (01-07-2011)." (*Id.* at ¶ II.B.)

The body of the complaint alleges the following, in its entirety:[2]

> I. STATEMENT OF CLAIM IN BENFICIAL OWNERSHIP
>
> Aaron W Abbatiello/Robyn D Abbatiello, living Individuals and in the capacity as Grantors/Beneficial Owners of record have funded and placed certain personal property "The Fixed Rate Note" (hereinafter referred to as the "Assets or Income") in a Trust, and Whereas said grantors as the substantial owners of record has 100% ownership interest in the assets or income [held in trust] in Financial Account Number: 0200696052, maintained on deposit with WELLS FARGO BANK N.A., a Delaware limited liability company with its jurisdiction of organization or citizenship in the State of Delaware, in which it has its principal executive offices at 420 Montgomery St., San Francisco California, hereinafter referred to as "Trustees". See 26 U.S.C. sections 671-679 to determine if a grantor has an ownership interest in the assets or income of the trust.

---

[1] All material allegations in the complaint are assumed to be true for the purpose of this Order. *See*, *e.g.*, *Rogers v. City of Troy, New York*, 148 F.3d 52, 58 (2d Cir. 1998) (in deciding whether to dismiss *sua sponte* a *pro se* plaintiff's complaint, a court is required to accept as true the material allegations in the complaint).

[2] Excerpts from plaintiffs' complaint are reproduced here exactly as they appear in the complaint. Errors in spelling, grammar and punctuation have not been corrected or noted.

## II. NATURE OF LIABILITY

Whereas the Trustees herein are liable for such payments of taxes on the backup withholdings on trust income, deductions, and credits attributable to the grantor as the owner of record, for United States federal and State tax purposes.

## III. NOTICE OF CLAIM

Now, therefore, said grantors as the owners of record has the right to recover all proceeds (the "Principal") along with any interest accruing therein which remains after the deduction of any fees lawfully owed to the United States Treasury for federal and State tax purposes or any other property which may have been wrongfully conveyed, transferred, assigned, or paid to another person in connection with a Real Estate transaction effective for 30 years. See attached hereto and made apart hereof as an exhibit [1] IRS Form 1099-A Acquisition or Abandonment of Secured Property, [2] IRS Form 56 Notice Concerning Fiduciary Relationship, and [3] the Note, to validate Claimants ownership interest in assets held in a trust.

### REMEDY/RELIEF SOUGHT

The Claimant/Plaintiff is currently being sued by the Respondent/Defendant as a debtor in possession of a collateral in the State court, however if the Claimant/Plaintiff is a debtor in possession of one collateral the Respondent/Defendant is a debtor in possession of another collateral. Therefore the Claimant/Plaintiff would be happy to return the collateral belonging to the Defendant/Respondents so long as the collateral i.e. Personal Property, being held by the Defendant/Respondent, owned by the Claimant/Plaintiff, is returned. Anything else is not equitable.

### CAUSES OF ACTION

Defendant is entitled to recover damages from Claimant/Plaintiff based on 26 U.S.C. sections 671-679, and the current suit brought by the Respondent/Defendant(s) in the state court.

COUNT 1:

Pursuant to the RECORD, $387,500.00 plus interest must be returned to the Claimant/Plaintiff as Grantor/Beneficial Owner of record.

> As a direct and proximate result of Respondent/Defendant(s) questionable and capricious actions Grantor/Beneficial Owner of record has been damaged in the amount of $387,500.00 plus interest.
>
> COUNT 2:
>
> 1. Pursuant to INTERNAL REVENUE MANUAL- 5.17.3.9 (01-07-2011) Personal Property: "Personal property is any tangible or intangible thing that is subject to ownership and not real property. Tangible property is that which may be felt or touched and is either real or personal property. Intangible property is that which cannot be touched or perceived and usually applies only to personal property. For example, the paper on which a promissory note is written is tangible personal property, while the right to payment that such note evidences is intangible personal property. Of course, there are areas in which it is difficult to distinguish between real and personal property, and Area Counsel should be consulted if a determination as to the nature of property is needed."
>
> WHEREFORE, in lieu of the above as well as the Record submitted, the Claimant/Plaintiff requests the following:
>
> 1. Respondent/Defendant terminates the action in the State court, issues a mortgage release to the Suffolk county recorder, or returns the Claimants/Plaintiff's Personal Property ("the Note") or equivalent immediately and then can take possession of the Mortgaged property.

(*Id*. at 2-5.) The exhibits annexed to the complaint reflect that the address of the property at issue is 366 Auborn Avenue, Shirley, New York 11967. (*Id.* at 6, 8-9.)

### III. Discussion

#### A. *In Forma Pauperis* Application

Upon review of plaintiffs' declarations in support of their applications to proceed *in forma pauperis*, the Court finds that plaintiffs' financial status qualifies them to commence this action without prepayment of the filing fees. *See* 28 U.S.C. §§ 1914(a); 1915(a)(1). Therefore, plaintiffs' requests to proceed *in forma pauperis* are GRANTED.

### B. Application of 28 U.S.C. § 1915

Under the *in forma pauperis* statute, 28 U.S.C. § 1915(e)(2), a district court must dismiss a complaint if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant with immunity. *See* 28 U.S.C. §§ 1915(e)(2)(B). It is axiomatic that district courts are required to read *pro se* complaints liberally, *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (*per curiam*) (citing *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S. Ct. 285, 50 L. Ed.2d 251 (1976)); *Hogan v. Fischer*, 738 F.3d 509, 515 (2d Cir. 2013), and to construe them "to raise the strongest arguments that they suggest." *Gerstenbluth v. Credit Suisse Secs. (USA) LLC*, 728 F.3d 139, 142-43 (2d Cir. 2013) (quotations and citations omitted). At the pleadings stage of a proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations in the complaint." *Harrington v. Cnty. of Suffolk*, 607 F.3d 31, 33 (2d Cir. 2010); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678-79, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).

Nevertheless, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). The pleading of specific facts is not required; rather a complaint need only give the defendant "fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (internal quotation marks and citation omitted); *see also Anderson News, LLC v. Am. Media, Inc.*, 680 F.3d 162, 182 (2d Cir. 2012), *cert. denied Curtis Circulation Co. v. Anderson News, LLC*, --- U.S. ----, 133 S. Ct. 846, 184 L. Ed. 2d 655 (2013) (accord). "A pleading that offers 'labels and conclusion' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual

5

enhancement.'" *Id*. (quoting *Twombly*, 550 U.S. at 557); *see also Pension Benefit Guar. Corp. v. Morgan Stanley Inv. Mgmt. Inc.*, 712 F.3d 705, 717 (2d Cir. 2013) (accord). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft*, 556 U.S. at 678; *see also In re Amaranth Natural Gas Commodities Litig.*, 730 F.3d 170, 180 (2d Cir. 2013). Here, plaintiff's complaint pleads sufficient facts to rise above the *Iqbal* and *Twombly* threshold and gives defendants fair notice of the nature of plaintiffs' claim and the grounds upon which it rests.

### C. *Younger* Abstention

The abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971), and its progeny preclude federal courts from enjoining ongoing state proceedings. Courts have long held that "*Younger* abstention is mandatory when: (1) there is an ongoing state proceeding; (2) that implicates an important state interest; and (3) the state proceeding affords the federal plaintiff an adequate opportunity for judicial review of the federal constitutional claims." *Spargo v. New York State Comm'n on Judicial Conduct*, 351 F.3d 65, 75 (2d Cir. 2003) (internal citation omitted). However, in *Sprint Commc'ns, Inc. v. Jacobs*, --- U.S.----, 134 S. Ct. 584, 591-94 (2013), "the Supreme Court rejected this three-part test in favor of a categorical approach," *Mir v. Shah*, 569 F. App'x 48, 50 (2d Cir. 2014) (summary order), and held that the *Younger* doctrine applies only to three classes of state court proceedings: 1) "state criminal prosecutions"; (2) "civil enforcement proceedings"; and (3) civil proceedings that "implicate a State's interest in enforcing the orders and judgments of its courts." *Sprint Commc'ns, Inc.*, 134 S. Ct. at 588 (internal quotation marks omitted); *see id*. at 591 ("We have not applied *Younger* outside these three 'exceptional' categories, and today hold . . . that they define *Younger's* scope."); *see also Rehabilitation Support Svcs., Inc. v. City of Albany*, 14-CV-

0499, 2015 WL 4067066, at *7 (N.D.N.Y. July 2, 2015) (internal citation omitted) ("Following *Sprint*, a federal court should not 'focus[] on the substance of the claims involved in the state and federal proceedings by asking whether they implicate [] an important state interest. Rather, *Younger* abstention only applies if the case fits into one of the three enumerated categories.").

As the underlying state court case is not a criminal prosecution or a civil enforcement proceeding, the Court considers whether it is a "civil proceeding that implicates a State's interest in enforcing the orders and judgments of its courts" and finds that it is. *See Sprint Commc'ns, Inc. v. Jacobs*, ---U.S.----, 134 S. Ct. 584, 588 (2013). Plaintiffs seek injunctive relief relating to the same property that is the subject matter of the underlying state court action; therefore the third *Sprint* prong applies.[3] Plaintiffs represent that they are "currently being sued by . . . Defendant . . . in the State court," (Compl. at 4) and that the state court proceedings are ongoing.[4] To the extent that plaintiffs could assert any federal claims, those may be raised in the pending state proceedings or in state appellate courts.[5] Thus, the instant complaint is barred by the *Younger* abstention doctrine. *Haynie v. New York Housing Auth.*, 14-CV-5633, 2015 WL 502229, at *2 (E.D.N.Y. Feb. 5, 2015) (citing *Clark v. Bloomberg*, No. 10-CV-1263, 2010 WL 1438803, at *2 (E.D.N.Y. Apr. 12, 2010) (finding that the *Younger* abstention doctrine barred

---

[3] Plaintiffs request that the "[r]espondent/[d]efendant terminate[] the action in State court, issue[] a mortgage release to the Suffolk [C]ounty recorder, or return[] the Claimants/Plaintiffs [p]ersonal [p]roperty ("the Note") or equivalent immediately and then can take possession of the [m]ortgaged property." (Compl. at 5) (errors in original).

[4] Plaintiffs previously sought to remove the state court foreclosure proceeding pending in the New York State Supreme Court, Suffolk County, under Index Number 600189/2015, to this Court and, by Order dated July 20, 2015, the undersigned remanded it. According to the information maintained on the public electronic docket for the New York State Unified Court System, the state court foreclosure proceeding remains pending. *See* https://iapps.courts.state.ny.us (last visited on October 6, 2015).

[5] The Court notes that plaintiffs allege that their federal claims arise under 26 U.S.C. §§ 671-679 and the "Internal Revenue Manual ("IRM") 5.17.3.9 (01-07-2011)." (Compl. at ¶ II.B.) However, "[s]ections 671-679 of Title 26 of the United States Code (the 'Tax Code') govern the circumstances under which a grantor trust is created and taxed," *S.E.C. v. Wyly*, 56 F. Supp. 3d 394, 408 (S.D.N.Y. 2014), and neither the IRM nor the cited provisions of the Tax Code provide for a private right of action.

plaintiff's "claims to enjoin the foreclosure action and the eviction proceedings" where the state court actions were pending, "both concern[ed] the disposition of real property and hence implicate[d] important state interests, and there [was] no reason to doubt that the state proceedings provide[d] [plaintiff] with an adequate forum to make the arguments he [sought] to raise")).

### D. The Anti-Injunction Act

Plaintiffs' request for injunctive relief is also precluded by the Anti-Injunction Act which provides that:

> A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.

28 U.S.C. § 2283. This provision applies when the requested injunction would either stay the ongoing state proceedings or prevent the parties from enforcing an order that has already issued. *See Atlantic Coast Line R.R. Co. v. Brotherhood of Locomotive Eng'rs*, 398 U.S. 281, 90 S. Ct. 1739, 26 L. Ed. 2d 234 (1970). Courts in this Circuit have long held that the Anti-Injunction Act applies to state court foreclosure proceedings. *See Ungar v. Mandell*, 471 F.2d 1163, 1165 (2d Cir. 1972) (holding that the Anti-Injunction Act did not permit injunction of state court foreclosure proceeding); *Billie v. Aurigremma*, 13-CV-1432, 2013 WL 6331358, at *2 (D. Conn. Dec. 5, 2013) (same); *Attick v. Valeria Assocs., L.P.*, 835 F.Supp. 103, 114-15 (S.D.N.Y. 1992) (same). As plaintiffs seek injunctive relief with regard to ongoing foreclosure proceedings, this action is statutorily barred by the Anti-Injunction Act.

## IV. Conclusion

For the foregoing reasons, plaintiffs' applications to proceed *in forma pauperis* are granted. However, plaintiffs' claims are dismissed with prejudice pursuant to 28 U.S.C.

§§ 1915(e)(2)(B)(ii) because they are barred by the *Younger* abstention doctrine and the Anti-Injunction Act. Given the dismissal of the complaint, plaintiffs' request for a hearing is denied as moot.

The Clerk of the Court shall, pursuant to Rule 77(d)(1) of the Federal Rules of Civil Procedure, serve notice of entry of this Order upon plaintiffs in accordance with Rule 5(b) of the Federal Rules of Civil Procedure and close this case. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

**SO ORDERED.**

                                                                s/ Sandra J. Feuerstein
                                                                Sandra J. Feuerstein
                                                                United States District Judge

Dated:        October 8, 2015
                Central Islip, New York